IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ROBERT JOSEPH WHITEMAN, JR.

CRIMINAL ACTION
NO. 15-00298

**PAPPERT, J.** July 27, 2020

## MEMORANDUM

Robert Joseph Whiteman Jr. asks the Court to grant him compassionate release. The Court denies the Motion because extraordinary reasons do not warrant Whiteman's release, and the 18 U.S.C. § 3553(a) factors counsel against releasing him.

I

In 2015, Whiteman pleaded guilty to four counts of bank fraud and one count of aggravated identity theft. *See* (Judgment 1, ECF No. 34). He committed these crimes from his cell in federal prison while serving a 120-month sentence for prior fraud. *See* (Gov't Sentencing Mem. 1, ECF No. 31); (Whiteman Sentencing Mem. 2–8, ECF No. 32). And after pleading guilty in this case, Whiteman tried to continue his fraud while awaiting sentencing. *See* (Gov't Sentencing Mem. 4–5). Beyond these offenses, Whiteman has another seven criminal convictions to his name. *See* (Whiteman Sentencing Mem. 6–8).

The Court sentenced Whiteman to a total of ninety-five months' incarceration. (Judgment 2.) At that time, he reported having no serious physical medical problems. *See* (PSR ¶ 65). So far, Whiteman has served fifty-nine months of his sentence and is scheduled for release in September of 2022. *See* (Gov't Resp. 4, 24, ECF No. 47). Following the onset of the COVID-19 pandemic, Whiteman petitioned the warden of his

1

prison for release to home confinement. *See* (Mot. for Release 1, ECF No. 41). The warden denied the request. (*Id.*)

Having exhausted his prison remedies, Whiteman now moves *pro se* for the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*Id.* at 1–2.) He argues that his obesity, high blood pressure, phlebitis, venous insufficiency and family history of blood clots render him highly susceptible to COVID-19. *See* (*id.*) But Whiteman notes that his venous insufficiency has been corrected and that he no longer has phlebitis. *See* (*id.*) His medical records confirm that he is overweight and has elevated blood pressure but reveal no other active health problems. *See generally* (Gov't Resp. Ex. A, ECF No. 46-1).

II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Before releasing an inmate, however, a court must also "consider[] the factors set forth in section 3553(a)." *Id.* Relevant factors include, among others, "the nature and circumstances of the offense" and the need for the sentence "to afford adequate deterrence to criminal conduct offense" and "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (2)(B)–(C).

Whiteman's medical conditions do not present an extraordinary and compelling reason for his release. As noted, his only active health problems are obesity and high blood pressure. *See* (Mot. for Release 1–2); (Gov't Resp. Ex. A). To be sure, the Centers for Disease Control and Prevention reports that there is "consistent evidence" that obesity "put[s] individuals at increased risk for severe illness from COVID-19" and "mixed evidence" that high blood pressure does so. Coronavirus Disease 2019, *Your*

*Health*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited July 24, 2020). Yet Whiteman's body mass index and latest blood-pressure scores indicate that his obesity and hypertension are on the mild side. *See* (Gov't Resp. at 17–20); (*id.* Ex. A). Given Whiteman's relative youth (he is forty-two) and his lack of other risk factors, his obesity and high blood pressure fall short of presenting an extraordinary and compelling reason for his release. *Cf. United States v. Takewell*, No. CR 3:14-00036, 2020 WL 4043060, at *2–3 (W.D. La. July 17, 2020) (reaching same conclusion for an obese inmate with hypertension); *United States v. Jones*, No. 2:18-CR-137, 2020 WL 3969912, at *4 (N.D. Ind. July 14, 2020) (same for inmate who also has Type II Diabetes); *United States v. Gordon*, No. 15-20609, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (same for an obese inmate with hypertension); *United States v. Hayes*, No. 3:18-CR-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. Fla. July 2, 2020) (same); *United States v. Wax*, No. CR 14-251 (FLW), 2020 WL 3468219, at *2–3 (D.N.J. June 25, 2020) (same).

      Even if extraordinary and compelling reasons existed, the § 3353(a) factors counsel against releasing Whiteman. He committed his crimes of conviction while in prison serving a 120-month sentence. (Gov't Resp. 1–2.) He then tried to continue his criminal scheme after pleading guilty in this case. (*Id.* at 3.) "[T]he nature and circumstances" of Whiteman's offense thus weighs against releasing him. 18 U.S.C. § 3553(a)(1). So does the need for deterrence and "to protect the public from further crimes." *Id.* § 3553(a)(2)(B)–(C). Whiteman himself concedes that his "'checkered' past . . . shows a high risk for recidivism." (Mot. for Release 2.) That is an understatement. Whiteman has been convicted of fraud at least nine times. *See* (Whiteman Sentencing

Mem. 6–8) (listing seven prior convictions not counting his two most recent convictions). And his own expert at sentencing lamented that Whiteman's prior 120-month sentence had "neither deterred nor corrected" his criminal impulses. (*Id.* Ex. A, at 9, ECF No. 32-1.) The Court cannot release Whiteman and be the slightest bit faithful to § 3353(a).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
